UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X     cv.
CLAUDIO ANZALONE,

                              *Plaintiff,*

            -against-                                        **COMPLAINT**

THE GOVERNMENT OF THE REPUBLIC OF ARMENIA          *Jury Trial Demanded*
and THE CITY OF NEW YORK,

                              *Defendant.*
------------------------------------------------------------------------X

        The plaintiff, CLAUDIO ANZALONE, by his attorneys *PEÑA & KAHN, PLLC* upon

information and belief alleges:

        1.      A jury trial is demanded.

## THE PARTIES

        2.      At all times herein mentioned, the plaintiff, CLAUDIO ANZALONE (sometimes

hereinafter referred to as "Anzalone") was and is a citizen, domiciliary and resident of the United

States of America, the State of New York and the County of New York.

        3.      At all times material hereto, the Defendant, The Government of the Republic of

Armenia, (sometimes hereinafter "Republic of Armenia" or "Owner"), was at all times

hereinafter a foreign state as defined in the 28 U.S.C.A. § 1603.

        4.      At all times material hereto, The Government of the Republic of Armenia did at

all times hereinafter and still does exclusively occupy the premises located at 119 East 36th

Street; New York, New York 10016 by its Permanent Mission of Armenia to the United Nations

(sometimes hereinafter "Mission") which was and still is an agency or instrumentality of a

foreign state as defined in 28 U.S.C.A. § 1603 subsection (b), more specifically The Government

of the Republic of Armenia.

5.     The Mission, was and still is a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in 28 U.S.C.A. § 1603 subsection (b); more specifically The Government of the Republic of Armenia.

6.     The Mission, was and still is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof; more specifically The Government of the Republic of Armenia.

7.     The Defendant, Republic of Armenia, was and still is a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in 28 U.S.C.A. § 1603 subsection (b).

8.     The Defendant, Republic of Armenia, was and still is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof.

9.     At all times material hereto, Republic of Armenia, was at all times hereinafter and still is a signatory to and/or a participant in the Vienna Convention.

10.     Upon information and belief, that at all the times hereinafter mentioned, defendant, THE CITY OF NEW YORK, was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

11.     The  County of New York/Borough of Manhattan is entirely contained within The City of New York.

## JURISDICTION

12.     Plaintiff, repeats, reiterates and realleges each and every allegation contained hereinabove in paragraphs numbered "1" through "11" inclusive, with the same force and effect

as though more fully set forth herein at length.

13.     This action is brought against Defendant, a foreign state as defined in 28 U.S.C.A. § 1603 (a).

14.     This action falls into one or more of the exceptions to the Foreign Sovereign Immunities Act (hereinafter sometimes the "FSIA") contained within 28 U.S.C. §§ 1605 to 1607.

15.     The Defendant, Republic of Armenia, is not immune from the jurisdiction of the courts of the United States.

16.     The Defendant, Republic of Armenia, is not immune from the jurisdiction of the courts of the United States in this action.

17.     The Defendant, Republic of Armenia, is not immune from the jurisdiction of the courts of the United States in this action pursuant to 28 U.S.C.A. § 1605 as this action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act and/or omission which occurred in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

18.     The Defendant, Republic of Armenia, is not immune from the jurisdiction of the courts of the United States in this action pursuant to 28 U.S.C.A. § 1605 as this action is one in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of the foreign state the Republic of Armenia or of any official or employee of that foreign state while acting within the scope of his office or employment.

19.     The Defendant, Republic of Armenia, is not immune from the jurisdiction of the

courts of the United States in this action pursuant to 28 U.S.C.A. § 1605 as this action is one in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment and is not based upon the exercise or performance or the failure to exercise or perform a discretionary function.

20.     The Defendant, Republic of Armenia, is not immune from the jurisdiction of the courts of the United States in this action pursuant to 28 U.S.C.A. § 1605 as this action is one in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment and is based on a non-delegable duty.

21.     The Defendant, Republic of Armenia, is not immune from the jurisdiction of the courts of the United States in this action pursuant to 28 U.S.C.A. § 1605 as this action is one in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment and is based on a non-delegable duty pursuant to New York State Law and/or the Administrative Code of City of N.Y. § 7-210 and/or the Administrative Code of City of N.Y. § 7-210 (a) and (b).

22.     The Defendant, City of Ne York, is subject to the jurisdiction of the courts of the United States.

23.     The Defendant, City of New York, is subject to the jurisdiction of the courts of

the United States pursuant to 28 U.S.C.§ 1367(a) as the claims at issue against Defendant,

Republic of Armenia, are so related to the claims against the City of New York that they form

part of the same case and/or controversy.

## CONDITIONS PRECEDENT TO SUIT

24.     Plaintiff, repeats, reiterates and realleges each and every allegation contained

hereinabove in paragraphs numbered "1" through "23" inclusive, with the same force and effect

as though more fully set forth herein at length.

25.     On August 22, 2018 , the plaintiff, CLAUDIO ANZALONE, caused a Notice of

Claim to be served upon the defendants THE CITY OF NEW YORK.  Said Notice of Claim was

sworn by the plaintiff and set forth the following, among other things:

> A.     The name and post office address of said claimant.
>
> B.     The nature of the claim;
>
> C.     The time when, the place where and the manner in which the claim arose;
>         and
>
> D.     The items of damage and injury claimed to have been sustained as far as
>         then practicable.

26.     On July 2, 2019, a Hearing of the Plaintiff, CLAUDIO ANZALONE, was held

and completed, pursuant to Section 50-h of New York's General Municipal Law, by the

defendants, THE CITY OF NEW YORK,.

27.     More than thirty (30) days have elapsed since the presentation of Said Notice of

Claim, and no adjustment or payment has been made by any of the defendants, THE CITY OF

NEW YORK.

## AS AND FOR A FIRST CAUSE OF ACTION

28.     Plaintiff, repeats, reiterates and realleges each and every allegation contained hereinabove in paragraphs numbered "1" through "27" inclusive, with the same force and effect as though more fully set forth herein at length.

29.     At all times hereinafter mentioned, Defendant, Republic of Armenia, owned the premises located at 119 East 36th Street; New York, New York 10016.

30.     At all times hereinafter mentioned, a sidewalk abutted the premises located at 119 East 36th Street; New York, New York 10016.

31.     At all times hereinafter mentioned, the Defendant,  Republic of Armenia, operated the premises located at 119 East 36th Street; New York, New York 10016.

32.     At all times hereinafter mentioned, the Defendant Republic of Armenia, controlled the premises located at 119 East 36th Street; New York, New York 10016.

33.     At all times hereinafter mentioned, the Defendant, Republic of Armenia, maintained the premises located at 119 East 36th Street; New York, New York 10016.

34.     At all times hereinafter mentioned, the Defendant,  Republic of Armenia, inspected the premises located at 119 East 36th Street; New York, New York 10016.

35.     At all times hereinafter mentioned, the Defendant,  Republic of Armenia, repaired the premises located at 119 East 36th Street; New York, New York 10016.

36.     The premises located at 119 East 36th Street; New York, New York 10016 was not a one, two or three family residential real property.

37.     The premises located at 119 East 36th Street; New York, New York 10016 was not used exclusively for residential purposes.

38.     The premises located at 119 East 36th Street; New York, New York 10016 was not

a one, two or three family residential real property which was used exclusively for residential purposes.

39.     Defendant, Republic of Armenia, had a duty to maintain the sidewalk abutting the premises located at 119 East 36th Street; New York, New York 10016 in a reasonably safe condition.

40.     Defendant, Republic of Armenia, is liable for any injury to property or personal injury caused by its failure to maintain the sidewalk abutting the premises located at 119 East 36th Street; New York, New York 10016 in a reasonably safe condition.

41.     On or about January 22, 2015, the Plaintiff, Anzalone, was present on the sidewalk abutting the premises located at located at 119 East 36th Street; New York, New York 10016.

42.     On or about January 22, 2015, the Plaintiff, Anzalone, was lawfully present on the sidewalk abutting the premises located at located at 119 East 36th Street; New York, New York 10016

43.     While on the sidewalk abutting the premises located at located at 119 East 36th Street; New York, New York 10016 the Plaintiff, Anzalone, was injured.

44.     While on the sidewalk abutting the premises located at located at 119 East 36th Street; New York, New York 10016 the Plaintiff, Anzalone, was seriously injured

45.     While on the sidewalk abutting the premises located at located at 119 East 36th Street; New York, New York 10016 the Plaintiff, Anzalone, was injured as a result of a defective, unreasonably dangerous, hazardous, unsafe and traplike condition at located at 119 East 36th Street; New York, New York 10016.

46.     At all times hereinafter mentioned, Defendant, Republic of Armenia, made special

use of the pedestrian sidewalk adjacent to and/or abutting 119 East 36th Street; New York, New York 10016 as well as any and all appurtenances thereto including any and all covers, gratings, plates, trees, tree-wells, sidewalk hardware, vaults and or hardware therein and thereon and/or the area extending out from the same, at said location - in the Borough of Manhattan and City of New York.

47.     At all times hereinafter mentioned, Defendant, Republic of Armenia, was obligated and required to maintain the pedestrian sidewalk adjacent to and/or abutting 119 East 36th Street; New York, New York 10016 as well as any and all appurtenances thereto including any and all covers, gratings, plates, trees, tree-wells, sidewalk hardware, vaults and or hardware therein and thereon and/or the area extending out from the same, at said location - in the Borough of Manhattan and City of New York.

48.     This dangerous and unsafe condition was caused and/or created as a result of Defendant, Republic of Armenia's, failure to maintain the sidewalk abutting the premises located at 119 East 36th Street; New York, New York 10016 in a reasonably safe condition.

49.     This dangerous and unsafe condition was caused and/or created as a result of joint and individual carelessness, recklessness, and negligence of Defendant, their agents, servants and/or employees, in their ownership, operation, control, inspection, maintenance, construction, renovation, alteration and/or repair of the sidewalk and/or, the negligent failure to install, construct, reconstruct, repave, repair or replace defective sidewalk flags abutting the premises located at 119 East 36th Street; New York, New York 10016.

50.     There is a practical and/or reasonable connection between Defendant, Republic of Armenia's, failure to maintain the sidewalk abutting the premises located at 119 East 36th Street; New York, New York 10016 in a reasonably safe condition and Anzalone's injuries.

51.     Said occurrence and resulting injuries occurred through no fault or lack of care on the part of the plaintiff contributing thereto.

52.     The foregoing was caused to occur as a result of Defendant's failure to fulfil non-delegable duty and/or duties at the subject premises

53.     CPLR 1601 does not apply in the present case based upon the exception set forth in Section 1602 of the CPLR including, but not limited to by reason of a non-delegable duty or by reason of the doctrine of *respondeat superior*.

54.     By reason of the foregoing, the plaintiff named herein, was caused to be damaged in body and mind, was rendered sick, sore, lame and disabled, has been and will continue to be obligated to incur and expend large sums of money for his medical care and attention, and has otherwise been damaged in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

## AS AND FOR A SECOND CAUSE OF ACTION

55.     Plaintiff, CLAUDIO ANZALONE, repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "54" inclusive, as if hereinafter set forth at length.

56.     At all times hereinafter mentioned, defendant, THE CITY OF NEW YORK, owned, operated, controlled, maintained, inspected, and/or repaired the premises, through it's agents, servants, employees, and/or departments, commonly known as 119 East 36th Street; New York, New York 10016 as well as any and all appurtenances thereto including any and all covers, gratings, plates, sidewalk hardware, vaults and or hardware contained within said abutting/adjoining sidewalk therein and thereon.

57.     At all times hereinafter mentioned, defendant, THE CITY OF NEW YORK,

owned, operated, controlled, maintained, equipped, repaired, inspected and/or made special use of the pedestrian sidewalk adjacent to and/or abutting 119 East 36th Street; New York, New York 10016 as well as any and all appurtenances thereto including any and all covers, gratings, plates, trees, tree-wells, sidewalk hardware, vaults and or hardware therein and thereon and/or the area extending out from the same, at said location - in the Borough of Manhattan and City of New York.

58.     At all times hereinafter mentioned, defendant, THE CITY OF NEW YORK, was obligated and required to maintain the pedestrian sidewalk adjacent to and/or abutting 119 East 36th Street; New York, New York 10016 as well as any and all appurtenances thereto including any and all covers, gratings, plates, trees, tree-wells, sidewalk hardware, vaults and or hardware therein and thereon and/or the area extending out from the same, at said location - in the Borough of Manhattan and City of New York.

59.     On May 26, 2018 Plaintiff, CLAUDIO ANZALONE, was present on the pedestrian sidewalk adjacent to and/or abutting 119 East 36th Street; New York, New York 10016

60.     On May 26, 2018 Plaintiff, CLAUDIO ANZALONE, was lawfully present on the pedestrian sidewalk adjacent to and/or abutting 119 East 36th Street; New York, New York 10016

61.     On May 26, 2018 Plaintiff, CLAUDIO ANZALONE, was caused to trip, fall and be violently precipitated to the ground as a direct and sole result of an unreasonably dangerous and/or defective condition that existed and/or was caused to exist within, on, in, as an appurtenance to and/or was part of the pedestrian sidewalk adjacent to and/or abutting 119 East 36th Street; New York, New York 10016.  Said unreasonably dangerous and/or defective condition consisted of a trap-like, and hazardous condition which made up the surface of the aforementioned location.

62.     The aforementioned dangerous and defective condition was created by the Defendants herein and/or was caused to exist by the negligence, carelessness and/or recklessness of the Defendants herein.

63.     That the defendant herein is liable and responsible for all of said damages under the doctrine of *res ipsa loquitur* and principles of negligence.

64.     Said occurrence was solely due to the carelessness, recklessness and negligence of the Defendants, their agents, servants, employees, etc. both jointly and/or individually.

65.     As a result of the aforesaid injuries, the plaintiff was caused to seek and obtain medical services, rehabilitation care, hospital and nursing care and services, and medical treatment, all in an effort to heal and cure her injuries and damages at great cost and expense to the plaintiff, and the plaintiff has been further prevented from performing her normal and usual activities of daily living and has otherwise been damaged in a sum of money having a present value which exceeds the jurisdiction of all lower Courts.

## AS AND FOR A THIRD CAUSE OF ACTION

66.     Plaintiff, CLAUDIO ANZALONE, repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "65" inclusive, as if hereinafter set forth at length.

67.     That the premises herein and the parts thereof, as a result of the carelessness, recklessness and negligence of the Defendants herein constituted a public nuisance and a trap for the unaware and more particularly, the plaintiff, CLAUDIO ANZALONE, herein.

68.     As a result of the foregoing, on  May 26, 2018,  CLAUDIO ANZALONE, while on the pedestrian sidewalk adjacent to and/or abutting 119 East 36th Street; New York, New York 10016 was caused to fall and be violently precipitated to the ground as a result of the

aforementioned condition.

69.     As a result of the aforesaid injuries, the plaintiff was caused to seek and obtain medical services, rehabilitation care, hospital and nursing care and services, and medical treatment, all in an effort to heal and cure his injuries and damages at great cost and expense to the plaintiff, and the plaintiff has been further prevented from performing her normal and usual activities of daily living and has otherwise been damaged in a sum of money having a present value which exceeds the jurisdiction of all lower Courts.

**WHEREFORE,** the Plaintiff, demand judgment against the Defendants, both jointly and severally, as follows:

### FIRST CAUSE OF ACTION:

In a sum of money having a present value which exceeds the jurisdiction of all lower Courts.

### SECOND CAUSE OF ACTION:

In a sum of money having a present value which exceeds the jurisdiction of all lower Courts.

### THIRD CAUSE OF ACTION:

In a sum of money having a present value which exceeds the jurisdiction of all lower Courts.

together with the costs, interests and disbursements of the action herein.

Dated:  New York, New York
          July 2, 2019

*Yours, etc.,*

Eric J. Gottfried, Esq.
**PEÑA & KAHN, PLLC**
Attorneys for Plaintiff(s)

1250 Waters Place, Suite 901
Bronx, New York 10461
Telephone #: 718-585-6551
P&K File #: 08230